# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.  Case No. 2:98-cr-40-FtM-29DNF

DERRICK VANCE

---

## REVOCATION OF SUPERVISED RELEASE AND JUDGMENT AND COMMITMENT

On November 28, 2006 the United States of America, represented by Assistant United States Attorney Robert Barclift and the Defendant, represented by Russell Rosenthal appeared at the scheduled hearing, which had been continued from September 5, 2006.

The Defendant was convicted on June 10, 1998 of distribution of cocaine base as charged in the Indictment and received a sentence imposing incarceration of 100 months and a period of supervised release of 48 months. The Defendant has since violated the terms of his supervised release by selling 20 tablets of ecstacy to an undercover detective on January 20, 2006. On June 9, 2006, the Probation Officer petitioned the Court to revoke his supervised release (Doc. #37). Although the case is pending in state court, the Defendant has admitted his guilt to this Court and acknowledged the facts of the state court case.

The Court finds, after hearing from the Probation Officer, Soraida Munoz, Task Force Agent Robert Leverenz and the Defendant, that the Defendant has violated the terms of the Judgment and

Case No. **2:98-cr-40-FtM-29DNF, USA v Vance**

Commitment entered herein on August 11, 1998 as amended on September 22, 2000.

It is, therefore, **ORDERED AND ADJUDGED:**

The Petition (Doc. #37) is **GRANTED.** Supervised Release is **REVOKED** and the Defendant is hereby committed to the custody of the Bureau of Prisons or its authorized representative for **IMPRISONMENT** for a period of **eighteen (18) months** followed by a period of **SUPERVISED RELEASE** for a period of **thirty (30) months**. The Defendant shall follow the standard conditions of supervised release and the following special terms of release:

1. The Defendant shall refrain from any unlawful use of a controlled substance.

2. The Defendant shall participate in a program (outpatient and/or inpatient) for treatment of narcotic addiction or drug or alcohol dependency and follow the probation officer's instructions regarding the implementation of this court directive. This program may include testing for the detection of substance use or abuse not to exceed 104 tests per year. Further, the Defendant shall be required to contribute to the costs of services for such treatment not to exceed an amount determined reasonable by the Probation Office's Sliding Scale for Substance Abuse Treatment Services. Upon completion of a drug or alcohol dependency treatment program the Defendant is directed to submit to testing for the detection of substance use or abuse not to exceed 104 times per year.

The Defendant is hereby **REMANDED** to the custody of the United States Marshal Service to await designation of sentence. It is recommended that the Defendant be incarcerated as near to Ft. Myers, Florida as possible.

It is further **ORDERED** that the Clerk deliver a certified copy of this Judgment and

Case No. 2:98-cr-40-FtM-29DNF, USA v. Vance

Commitment to the United States Marshal or other qualified officer and the copy serve as the commitment of the Defendant.

**DONE** and **ORDERED** at Fort Myers, Florida this 28th day of November, 2006.

_____
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

-3-